IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN KEITH WATTS, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action No. 15-0267 (JBS) |
| JORDAN HOLLINGSWORTH, | **OPINION** |
| Respondent. | |

APPEARANCES:

Brian Keith Watts, Petitioner pro se
#14394-171
FCI Fort Dix Building 5752
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, Chief Judge:**

**I.    INTRODUCTION**

Brian Keith Watts, a federal prisoner confined at FCI Fort Dix, New Jersey, filed this petition under the All Writs Act, 28 U.S.C. § 1651, challenging the judgment of conviction imposed by the United States District Court for the District of South Carolina, as well as an application to proceed *in forma pauperis*. (Docket Entry 1). The Court construes this as a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Based on Petitioner's affidavit of indigency, his application to proceed *in forma pauperis* shall be granted, and the Petition shall be filed. For the reasons expressed below,

this Court will dismiss the petition for lack of jurisdiction, and no certificate of appealability shall issue.

## II.  BACKGROUND

Following a jury trial in the United States District Court for the District of South Carolina, Petitioner was convicted of conspiring to manufacture, possess with intent to distribute, and to distribute 50 grams or more of methamphetamine, and 500 grams or more of a mixture or substance containing methamphetamine, 21 U.S.C. § 846; manufacturing and possessing with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A); possessing equipment, chemicals, products, and materials which may be used to manufacture a controlled substance, knowing, intending, and having reasonable cause to believe that they would be used to manufacture a controlled substance, 18 U.S.C. § 2, 21 U.S.C. § 843(a)(6); and knowingly using or possessing firearms in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1). *United States v. Watts*, No. 06-00452 (D.S.C. Sept. 18, 2008) (judgment of conviction).[1] The District Court sentenced Petitioner to a total term of one hundred eighty-one (181) months. *Ibid.*

---

[1] *See* 28 U.S.C. § 2254 Rule 4(b) (permitting examination of "the record of prior proceedings" in the court's initial review).

Petitioner timely appealed to the United States Court of Appeals for the Fourth Circuit. (Docket Entry 1 at 4). His sole challenge before the Court of Appeals was to the validity of the search warrant used to search Petitioner's residence and shed. *United States v. Watts*, 352 F. App'x 784 (4th Cir. 2009).[2] The Fourth Circuit affirmed Petitioner's convictions and sentence, *id.* at 785-86, and the Supreme Court denied certiorari, *Watts v. United States*, 559 U.S. 1057 (2010).

Petitioner thereafter filed a timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket Entry 1 at 4); *Watts v. United States*, No. 10-70218 (D.S.C. filed July 6, 2010). Petitioner voluntarily dismissed this petition and filed a new petition on January 6, 2011. *See Watts*, No. 06-00452 at Docket Entries 865-86; (Docket Entry 1 at 4). Petitioner asserted five grounds for relief, all based on the alleged ineffectiveness of Petitioner's trial counsel. *Watts v. United States*, No. 06-452, 2012 WL 3614621, at *5-6 (D.S.C. Aug. 21, 2012). The United States moved for summary judgment, and the District Court granted the motion. *Id.* at *10. The Fourth Circuit denied a certificate of appealability, *United States v. Watts*, 507 F. App'x 292 (4th Cir. 2013) (per curiam),

---

[2] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009).

3

and the Supreme Court denied certiorari, *Watts v. United States*, 134 S. Ct. 335 (2013).

Thereafter, Petitioner filed the instant petition in this Court, along with an application to proceed *in forma pauperis*. (Docket Entry 1). The Court administratively terminated the petition on January 16, 2015. (Docket Entry 2). Petitioner submitted an amended application to proceed *in forma pauperis*, (Docket Entry 3), and the Court reopened the case for review. Based on Petitioner's affidavit of indigency and certified account statement, the Court will grant his request to proceed *in forma pauperis* and file the petition.

Petitioner raises five grounds for relief: (1) the United States failed to establish either possession or constructive possession over the firearm; (2) "that dominion or control over the building where the firearm was located, was 'not' established by the government to establish ownership and or possession of the firearm"; (3) "that the rental property (building in question) was not owned by Petitioner and is where the gun was located, was in probate with Petitioner's Sister, who possessed power of attorney over the property, and received the proceeds from the rental of said property"; (4) the government failed to establish Petitioner's ownership of the "rented building"; and (5) "the government failed to provide evidence at trial that Petitioner owned the building in

4

question. Counsel also failed to search the record and present a viable affirmative defense for Petitioner when counsel failed to present at trial or any time thereafter, that the Sister possessed Power Of Attorney . . . ." (Docket Entry 1 at 1-3). Petitioner asserts the guilty verdict on the conspiracy and firearms charges could not have been proven beyond a reasonable doubt. (Docket Entry 1 at 3-4). He asks the Court to grant him an evidentiary hearing and to order his release. (Docket Entry 1 at 4).

## III. STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

A federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v.*

*Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan,* 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied,* 490 U.S. 1025 (1989).

## IV.  DISCUSSION

Petitioner filed this petition under the All Writs Act, 28 U.S.C. § 1651; however, 28 U.S.C. § 2241 controls this petition for habeas corpus. *See Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) ("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute . . . . [w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." (internal quotation marks omitted) (alteration in original)); *see also Byrd v. Warden Fort Dix FCI*, 611 F. App'x 62, 63 (3d Cir. 2015) (citing *Massey*).

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his

6

detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

Petitioner argues he "has no other viable remedy for release from his unlawful detention . . . other than this petition . . . where appeals, post conviction and successive petition were exhausted." (Docket Entry 1 at 4). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Id.* at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted); *see also Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002).

Petitioner asserts the United States failed to meet its burden of proof at his trial. (Docket Entry 1 at 3-4). He is therefore challenging the validity of his convictions, not the manner in which his sentence is being carried out. Section 2255

is not "inadequate or ineffective" because Petitioner does not meet the requirements to bring a second or successive petition. Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Fourth Circuit to file a second or successive petition. 28 U.S.C. § 2244(b)(3). The Court finds that it is not in the interests of justice to transfer this habeas petition to the Fourth Circuit as it does not appear Petitioner can satisfy the requirements of § 2244(b)(2). However, this Court's decision to not transfer the case does not prevent Petitioner seeking permission from the Fourth Circuit on his own.

As Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), this Court will deny a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**V.   CONCLUSION**

Based on the foregoing, this Court will dismiss the Petition, and a certificate of appealability shall not issue. An accompanying Order will be entered.

**November 6, 2015**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge